HAWTHORNE, Justice
(dissenting).
The mother in this case, in my opinion, has forfeited any right she may have to the custody of her three-year-old child. She separated from her husband, and thereafter lived in open adultery with an unnamed man. The child was born out of wedlock in December, 1959, after the mother’s divorce from her first husband; it is admitted that a man named Mouton is the natural father. In 1961 she commenced to live in open adultery with Mouton, and this relationship continued for approximately one year, that is, until about a week before the hearing of her first suit to regain custody of the child. In September, 1962, the trial judge after a hearing refused to award the mother custody of the child. Almost immediately she married Mouton, and a few weeks later instituted the instant proceeding.
The trial judge in his reasons for judgment stated: “ * * * I think it is obvious that Mrs. Mouton has to some extent led an immoral life in the past, that she has not demonstrated any great interest in the welfare of her children, and that * * * her relationship with Mr. Mouton has now become ‘legalized,’ so to speak * * He awarded the mother custody, however, in view of the fact that, a short time before institution of this proceeding and soon after her first suit had been dismissed, she married Mouton.
If the trial judge was correct in the first suit in denying the mother custody of this child, and I think he was, I do not think that her marriage to Mouton after that suit was dismissed made her morally fit or, in other words, “washed her sins away”. It is my opinion that she has been shown to *852 be morally unfit to have the custody of this child, and to me it has been conclusively established that it is to the best interest of the child for her to remain with the foster parents.
The Court of Appeal, 153 So.2d 890, affirmed the district court, Judge Tate dissenting with written reasons concurred in by Judge Savoy. I am in full accord with the view given by Judge Tate in his dissent and recommend that his dissent be read by anyone who may be interested. The majority of the Court of Appeal affirmed the district court principally on the ground that it was reluctant to upset the holding of the district court in a case of this type. To me considerations of the child’s welfare should overcome any reluctance to reverse the district court.